### B. F. CLEMENTS v. THE STATE.

*No. 776.   Decided June 19.*

1.  **Bill of Exceptions.**—A bill of exceptions to the admission of testimony should state the facts admitted which were objected to and complained of; and is too indefinite if it refers generally to the admission of evidence upon a given point.

2.  **Incest—Evidence of Cruel Treatment.**—On a trial of a father for incest with his daughter, evidence of cruel conduct by the father towards his daughter for the purpose of subduing and forcing her to submit to his embraces, is admissible against him.

APPEAL from the District Court of Lamar.   Tried below before Hon. E. D. McCLELLAN.

Appellant was indicted for incest with his daughter, Lucinda Clements, and at the trial was convicted, with punishment assessed at ten years in the penitentiary.

The prosecutrix, Lucinda Clements, testified to her father's efforts to have carnal intercourse with her for several years before he accomplished his purpose.   That he succeeded in accomplishing his desires and forced her to submit to him in the cornfield, when she was 16 years of age.   That he threatened to kill her and the whole family if she told it.   That she told her mother, and that when her mother took her father to task about it he did not deny it, but said that she (Lucinda) was as much to blame as he was.   That afterwards he treated her most cruelly, and often whipped her with a horsewhip because she would not again submit to carnal intercourse with him.   She was corroborated by other witnesses as to his cruel treatment, and defendant, as a witness on the trial, testified, that he had often whipped her with a horsewhip.   He testified that he had never had intercourse with

Lucinda's mother until after they were married, and that Lucinda was born six months after his marriage with her mother. He denied ever having had carnal intercourse with Lucinda.

There was other evidence in the case tending strongly to corroborate the testimony of Lucinda as to the carnal intercourse with her.

No brief for appellant.

*Mann Trice,* Assistant Attorney-General for the State.

DAVIDSON, JUDGE.—Appellant was given ten years in the penitentiary under a conviction of incest with his daughter. He put in issue the legitimacy of his daughter, contending she was not his daughter, and here contends the judgment should be reversed because of the evidence in his behalf in support of this issue. This question was correctly submitted to the jury in the court's charge, and found adversely to appellant, and we are of opinion that there was no error in this finding. He reserved an exception "to all that part of the testimony about defendant's whipping Lucinda with a horsewhip." Lucinda was the daughter with whom the incest is alleged to have been committed. The grounds of objections are not stated. The bill is too indefinite to authorize revision. Willson's Crim. Stats., secs. 2368, 2516. He also objected to that part of the testimony which showed that defendant accused Lucinda and Jack Clements with having slept together the night before the assault. Jack Clements was his younger brother. All this cruel conduct by appellant towards his daughter was for the purpose of subduing her and forcing her to submit to his embraces. We are of the opinion the evidence was all admissible, and that there was no error in admitting it to go before the jury.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.