JOHN ALSUP v. THE STATE.

No. 1502. *Decided December 9th, 1896.*

1. Murder—Proof of Christian Name of Deceased—Abbreviation or Contraction of.

Where an indictment alleged the Christian name of deceased to be "Robert," and the testimony of all the witnesses was that his name was "Bob," and there was no proof that he bore the name of "Robert." Held: That proof, though unnecessary, was admissible to establish that "Bob" was an abbreviation or contraction of the name "Robert," and proof of "Bob" was sufficient to sustain the name of "Robert," as alleged in the indictment.

2. Same—Judicial Knowledge.

This court will take judicial knowledge of the contraction, derivation and corruption of names.

APPEAL from the District Court of Karnes. Tried below before Hon. S. F. GRIMES.

Appeal from a conviction for murder in the second degree; penalty, twenty-five years' imprisonment in the penitentiary.

Appellant was indicted for the murder of one Robert Thomas, in Karnes County, on the 4th day of July, 1895, by shooting him with a gun.

In the agreed statement of facts, among other things, it is agreed, "that the testimony shows conclusively, that defendant shot with a gun and killed Bob Thomas, at the time and place that the indictment alleges; the said defendant killed Robert Thomas, and the alleged killing was on implied malice."

*F. R. Graves*, for appellant.—The name of the deceased is a part of the description of the offense of murder, and he must be described with certainty by giving his Christian name or initial, and his surname. Gorman v. State, 42 Texas, 221; 1 Archibald Crim. Prac. and Plead., 245. The allegata and probata must correspond; and, the charge of killing "Robert" is not sustained by proof of killing "Bob." Martin v. State, 16 Texas, 240; Gorman v. State, 42 Texas, 221; Collins v. State, 43 Texas, 577; Cerda v. State, 33 Tex. Crim. Rep., 458; Davis v. State, 11 S. W. Rep., 647.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and given twenty-five years in the penitentiary. The indictment charged that appellant murdered Robert Thomas. Upon the

trial a number of witnesses swore that the deceased's name was Bob Thomas. There was no proof that he bore the name of Robert. Counsel for the appellant contends that the evidence fails to support the allegation that the defendant killed Robert Thomas—that proof that his name was Bob will not suffice. Upon the trial the State introduced as a witness Hon. S. F. Grimes, the presiding judge, who swore that he was familiar with names of persons and contractions thereof; that the name Bob was usually and ordinarily an abbreviation or contraction of the name Robert, and persons who were called Bob were usually named Robert. The objections urged to the testimony were, first, that it came from the trial judge, and was calculated to influence the jury unduly against him; and, second, that the names of persons were not the subject of expert testimony, but a matter of general knowledge. "Jack is an abbreviation of John; Rich, of Richard." See, Bishop's Crim. Proc., § 689. If Jack is an abbreviation of John, evidently Bob is an abbreviation of Robert; and proof that the decessed's name was Bob Thomas meets the allegation that the appellant had killed Robert Thomas. In Walter v. State, 105 Ind., 589; 5 N. E., 737 et seq., Chief Justice Niblack, on this question, says: "The rule fairly deducible from the authorities is that, if two names are taken promiscuously to be the same name, in common use, though they differ in sound, there is no variance between them. Where two names are derived from the same source, or where one is an abbreviation or corruption of another, but both are taken by common use to be the same, though differing in sound, the use of the one for the other is not a misnomer. 1 Bishop's Crim. Proc., § 689. Jack and Jock are ordinarily only diminutive names for John; and Jack, prima facie, at least, stands for John. See, Webst. Dict." In the cited case the charge was a sale to Jack Murphy, and the proof showed that his name was John Murphy. Held, it did not constitute a variance. See, also, Wilkerson v. State, 13 Mo., 95. We are of opinion that it was unnecessary to introduce any evidence to show that Bob meant Robert. This court will take judicial knowledge of the contraction, derivation, and corruption of names. We think the testimony of Hon. S. F. Grimes was unnecessary and harmless. This being the only question raised in the record, by brief or assignment of error, the judgment is affirmed.

*Affirmed.*