Oelius EVANS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 48317.

Court of Criminal Appeals of Texas.

May 15, 1974.

James S. Moss, Mesquite, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for felony theft; the punishment, imprisonment for ten years.

The only ground of error raised is that the evidence is insufficient to sustain the conviction because there is a material variance between the alleged name of the complainant and the proof offered.

The indictment alleges the owner of the stolen property to be *Daniel* Wier. The transcript of the court reporter's notes reflects and the State acknowledges the proof shows the complainant's name to be *Dan* R. Wier.[1] There is no proof in the record that the appellant was known both as *Dan* and *Daniel* Wier.[2]

Article 21.07, Vernon's Ann.C.C.P. provides:

"In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names it shall be sufficient to state either name . . . ."

Does a variance result where two names are derived from the same source or where one is an abbreviation or corruption of another but both are taken by common use to be the same though differing in sound? The decisions in this State have answered the question both ways. Some say in the absence of proof that the injured party was known by the name alleged or in the absence of proof of the contraction, derivation or corruption of the name, the Court will not take judicial notice of the contraction, derivation or corruption of such name. See Humbard v. State, 21

---

1. No particular issue has been made regarding the middle initial—the adding or deleting of a middle name or initial does not create a variance since it is not essential to allege a middle name. See Swain v. State, 498

S.W.2d 188 (Tex.Cr.App.1973) ; Cepeda v. State, 489 S.W.2d 907' (Tex.Cr.App.1973).

2. In the Court's charge the name Daniel Wier was used without objection.

Tex.R. 200, 17 S.W. 126 (1886);[3] Owens v. State, Tex.Cr.App., 20 S.W. 558 (1892);[4] Waters v. State, Tex.Cr.App., 31 S.W. 642 (1895);[5] and 1 Branch's Ann.P. C.2d 469, § 480. It has also been said that where two names have the same derivation or where one is an abbreviation or corruption of the other but both are taken according to common use to be the same the use of one for the other is not a material misnomer. See Goode v. State, 2 Tex.App. 520 (1877);[6] Alsup v. State, 36 Tex.Cr.R. 535, 38 S.W. 174 (1896); 40 Tex.Jur.2d 379–380, § 8, Names, and compare State Bank & Trust Co. v. W. O. Horn & Bro., 295 S.W. 698 (Tex.Civ.App.1927).[7]

We resolve the conflict by adopting the rule applied in Alsup v. State, supra, where the Court held that a variance did not result when the name alleged was *Robert* Thomas and the State proved the complainant's name was *Bob* Thomas. The Court took judicial knowledge of the contraction, derivation and corruption of names and held that it was unnecessary to introduce any evidence to show that Bob meant Robert.

We hold in this case that proof that the owner of the property was Dan R. Wier supports the allegation that the owner of the property was Daniel Wier. The cases in conflict with this holding are overruled.[8]

The judgment is affirmed.

Opinion approved by the Court.

3. The complainant's name was alleged to be R. J. Huckaby. It was held a variance resulted when proof showed the name was Becky Jane Huckaby.

4. The complainant's name was alleged to be Lettie Owens. It was held a variance resulted when proof showed the name was Letitia Owens.

5. The complainant's name was alleged to be Edith C—. It was held a variance resulted when proof showed the name was Edie C—.

6. The complainant's given name was alleged to be Mary Etta. It was held no variance resulted when proof showed the name was Marietta.

7. Many examples are given in this opinion, including Daniel and Dan.

8. More careful interrogation of complaining witnesses concerning their names would eliminate many questions which are presented for review.