**Terrance O'BRIEN, Appellant,**

v.

**Leo COLE, Appellee.**

**No. 18756.**

Court of Civil Appeals of Texas, Dallas.

Jan. 8, 1976.

1. New rule 353 TRCP did not become effective until January 1, 1976.

G. Dennis Sullivan, Dallas, for appellant.

Charles H. Awalt, Paul T. Fanning, Dallas, for appellee.

GUITTARD, Justice.

This appeal is taken from a default judgment in a suit on a sworn account for plumbing work. The petition names as defendants "Terrance O'Brien and wife Mary Kay O'Brien," but the invoice attached to the account is in the name of "Terry O'Bria n." In absence of an answer, the trial court rendered judgment by default against "Terrence O'Brien and Mary Kay O'Brien" for $1,160.44, plus an attorney's fee of $250. No testimony was taken or recorded. A motion for new trial was filed by "Terrance O'Brian" alone. The motion was overruled, and only "Terrance O'Brien" has perfected an appeal to this court. We affirm.

### Lack of Court Reporter

Appellant complains that the trial court erred in rendering judgment without hearing evidence and making a record. He relies on *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App. —Dallas 1975, writ ref'd), which was a suit for the value of goods lost by a carrier. That case did not involve a sworn account under Tex.R.Civ.P. 185, as does the present suit. An account filed in compliance with rule 185 is itself "prima facie evidence" of the amount due, and no further evidence is required. The case turns, therefore, on whether the account attached to the petition satisfies the requirements of the rule.

### Name Discrepancy

Appellant's only attack on the sufficiency of the account under rule 185 is the supposed discrepancy between the names in the petition and in the invoice attached to the account. We need not determine whether the account was sufficient as against Mary Kay O'Brien, since she is not a party to this appeal. Our question is whether "Terry O'Brian," as named in the invoice, is sufficient to identify "Terrance O'Brien," as alleged in the petition.

We hold that the identification is sufficient. The purpose of describing a per-

son by name is to identify him. *Presley v. Wilson*, 125 S.W.2d 654 (Tex.Civ.App.—Dallas 1939, writ dism'd jdgmt. cor.). A commonly-known diminutive or abbreviation is sufficient to identify a person in the absence of evidence indicating that a different person is intended. *State Bank & Trust Co. v. W. O. Horn & Brother*, 295 S.W. 698 (Tex.Civ.App.—Austin 1927, no writ). Under this rule "Terry" is a sufficient identification of "Terrance." With respect to the surname "O'Brian" as opposed to "O'Brien," we conclude that this difference is within the rule of *idem sonans,* since an attentive ear would find difficulty in distinguishing the two when pronounced. *Bosse v. Cadwallader*, 86 Tex. 336, 24 S.W. 798, 800 (1893).

Appellant cites *Hassler v. Texas Gypsum Co.*, 525 S.W.2d 53 (Tex.Civ.App.—Dallas 1975, no writ), in which we held that a default judgment against an individual defendant was not supported by a sworn account containing an invoice showing that the goods were sold to a corporation. That case is distinguishable because there the invoice affirmatively showed that the goods were supplied to a person other than the defendant. Here there is only a discrepancy in names, which we hold is not serious enough to show that the work was done for a different person.

Any doubt as to the actual identity of the "Terry O'Brian" named in the invoice is removed by the motion for new trial filed by "Terrance O'Brian." This motion makes no allegation that the movant is not the same as "Terry O'Brian." On the contrary, it acknowledges that the movant did contract with plaintiff for performance of certain services and alleges that the work was not completed. Consequently, we see no serious problem concerning the identity of the person named in the invoice.

### Motion for New Trial

█ Appellant contends that the court erred in overruling his sworn motion for new trial, which alleges that his failure to answer was not intentional but was due to an agreement he thought he had with plaintiff's attorney. The motion also alleges that defendant had a meritorious defense in that plaintiff did not repair the leaking gas line, as he was employed to do, and that defendant was required to pay $175 to another plumber to repair it. Appellant insists that this motion is sufficient to require a new trial under the requirements laid down in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

We hold that the motion does no more than raise a fact question concerning the first requirement of *Craddock*, namely, an unintentional failure to answer because of mistake or accident. In this respect, the motion alleges the following: "Defendant thought an agreement had been made with Plaintiff's attorney whereby Defendant would provide certain information to Plaintiff's attorney and until same was reviewed by Plaintiff's attorney, no further action would be taken and no answer required." No particulars are alleged in support of this allegation. Defendant does not give the time, place, or substance of any supposed conversation with plaintiff's attorney. He alleges only that he "thought" that an agreement had been made which excused him from answering. No evidence was offered in support of this allegation. The court was not required to accept this vague, conclusory allegation as an excuse for not filing an answer within the time required by law. Accordingly, the court had discretion to overrule the motion for new trial.

### Attorney's Fee

█ Appellant also complains of the judgment for an attorney's fee in the amount of $250.00 because there is no evidence to support any finding of this amount. Appellee asserts that no evidence was required to support the attorney's fee because under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1975), the court may judicially notice the State Bar minimum fee

schedule.[1] We agree that the Bar schedule may be judicially noticed in an action within article 2226, and that this is such an action. However, we also judicially notice the Bar schedule, and we find that the fee provided for a commercial collection is sixteen and two-thirds percent of the recovery. This percentage of the recovery of $1,160.44 is $193.41. Thus the fee allowed is excessive by $56.59 in the absence of proof of services justifying more than the minimum. *Cf. Coward v. Gateway National Bank,* 525 S.W.2d 857 (Tex.1975); *Superior Stationers Corp. v. Berol Corp.,* 483 S.W.2d 857, 860 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). Although in *Coward* the Supreme Court overruled the holding in *Superior Stationers* that the Bar schedule establishes the amount of the fee as a matter of law for the purpose of summary judgment, the court said that the trial judge, as the trier of fact in a non-jury case, may judicially notice the Bar schedule and may determine the amount of the fee in a case within article 2226 without further evidence. Accordingly, we hold that in such a case, no evidence is required to support a default judgment for an attorney's fee within the minimum prescribed in the schedule.

The judgment below is affirmed on condition that appellee remit the amount of $56.59 within fifteen days from this date. In the absence of such a remittitur, the judgment below will be affirmed with respect to the principal amount of $1,160.44 and is reversed and remanded on the sole issue of the amount of a reasonable attorney's fee.

Affirmed on condition of remittitur.

1. Article 2226 provides: "Any person . . having a valid claim against a person or corporation for services rendered, labor done, material furnished . . . or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if . . . he should finally obtain judgment for any amount thereof . . . he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.