**Ex parte Robert ELLIOTT.**

**No. 52477.**

Court of Criminal Appeals of Texas.

Nov. 3, 1976.

J. R. Musslewhite, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

**864**

## OPINION

DALLY, Commissioner.

This is an appeal from an order in a habeas corpus proceeding in which the appellant was remanded to custody for extradition to the State of Indiana.

The appellant urges that the trial court's order should be reversed because he is not the same person named in the Governor's Warrant and because he was charged by information, not by indictment, for the felony offense of rape when he had not consented to be charged by information.

The Governor's Warrant which is regular on its face was introduced and makes out a prima facie case supporting the court's order. The Governor's Warrant recites: ". . . Bob Elliott stands charged by information, supporting affidavit, and warrant . . . with the crime of rape . . . ."

In the habeas corpus hearing the appellant testified when he was asked if he was the person charged with the offense: "No, sir. I don't know."

There was admitted in evidence an affidavit of the complaining witness. Attached to the affidavit was a photograph of the man the complainant identified as the man who committed the rape. The appellant admitted that this photograph was of him. This evidence is sufficient to overcome the testimony of the appellant if it could be construed as his denial of being the person named in the Governor's Warrant. See *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.1975); *Ex parte Viduari*, 525 S.W.2d 163 (Tex.Cr.App.1975), and *Ex parte O'Connor*, 169 Tex.Cr.R. 579, 336 S.W.2d 152 (1960).

The appellant also testified that he had never been known by the name "Bob," but that his name was "Robert." When two names have the same derivation or when one is an abbreviation or a corruption of the other, and one is commonly used for the other, the use of one for the other is not a material misnomer. *Evans v. State*, 509 S.W.2d 371 (Tex.Cr.App.1974); *Alsup v. State*, 36 Tex.Cr.R. 535, 38 S.W. 174 (1896). A commonly known diminutive or abbreviation is sufficient to identify a person in the absence of evidence indicating that a different person is intended. *O'Brien v. Cole*, 532 S.W.2d 151 (Tex.Civ.App.1976).

The appellant's remaining contention that he could not be extradited because he had been charged with a felony by information when he had not consented to being charged by information is also without merit.

The supporting papers which the appellant offered and which were admitted in evidence contained an affidavit made by the complainant before a magistrate and a warrant issued pursuant to that affidavit. The affidavit and warrant would have been sufficient to support the extradition even though the appellant had not been charged by either indictment or information. Article 51.13, Sec. 3, V.A.C.C.P.; *Ex parte Rosenthal*, 515 S.W.2d 114 (Tex.Cr.App.1974); *Ex parte Posey*, 453 S.W.2d 833 (Tex.Cr. App.1970).

The judgment is affirmed.

Opinion approved by the Court.