Victor Mature NICKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 785–90.

Court of Criminal Appeals of Texas,
En Banc.

June 5, 1991.

Gregory I. Donnell and Terri Holder, Angleton, for appellant.

Jim Mapel, Dist. Atty., and Kelly McClendon, Asst. Dist. Atty., Angleton, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge

A jury convicted appellant of burglary of a building and assessed punishment at fifty years imprisonment and a fine of $5,000.00. The Court of Appeals reversed and ordered the trial court to enter a judgment of acquittal. *Nickerson v. State*, 792 S.W.2d 212 (Tex.App.—Houston [1st] 1990). We granted the State's petition to review whether the evidence was sufficient to support the verdict. We will reverse the judg-

ment of the Court of Appeals regarding evidence sufficiency.

David Yates was driving home from work between 4:30 a.m. and 5:30 a.m., and noticed a dark-colored car with a light-colored top parked in front of a Radio Shack store. Yates drove into the parking lot because he saw the driver of the car was slumped over. He then saw two men run out of the store carrying something and get into the car. Yates followed the car, lost it and returned to the store. He did not see anyone leave the vehicle, but admitted that it would have been possible for someone to exit without him noticing.

Officer Slowik responded to a burglary call at the store. When Yates returned to the store, he gave Slowik a description of the car. Slowik spotted a vehicle fitting the description and began chasing the car.

Officer Uresti also responded to a burglary call at the Radio Shack. He joined the chase of the suspects. The chase lasted a "couple of minutes" and ended when Uresti saw two males exit the moving car, which then crashed into a residential garage. Uresti radioed a description of the two suspects and chased the driver for three to five minutes.

Uresti described the passenger as a slender built black male, between five feet, eight inches and five feet, ten inches tall, wearing a long black coat and dark jeans. When Uresti returned to the crashed car and looked inside, he saw four video cassette recorders (V.C.R.'s) and a small television.

Sergeant Webb heard a dispatch that another officer had spotted the suspect vehicle. Webb joined the pursuit and drove directly alongside the car for about one-half mile. He pulled his pistol, turned the dome light on, and directed a spotlight into the car where he saw two black men. The passenger had four gold teeth and looked directly at Webb. The passenger was wearing a three-quarter length black coat. Uresti and Webb saw the two men exit the car in opposite directions while it was still running.

After four hours of searching for the suspects, at approximately 9:00 a.m., Webb returned to the place the car crashed and found the passenger standing in the roadway. His shoes were wet and he was wearing the black leather coat, which had mud and water stains. The passenger gave a false name when he was apprehended. Webb identified appellant as the passenger.

Lieutenant Chapman also responded to the burglary call. When he arrived at the store, he found that someone had pulled items off the shelves, leaving wires hanging. At trial he identified State's Exhibit 9, a photograph, as depicting the Radio Shack shelves with hanging wires and identified a Realistic V.C.R. on the floor. Chapman went to the place where the car crashed and saw three or four Realistic V.C.R.'s and a Realistic television on the car's rear floorboard. He identified State's Exhibit 5, a photograph showing four V.C.R.'s and a television, as depicting the same equipment he saw in the car.

Bob Feagin, the Houston Regional Loss Prevention Manager for Radio Shack, testified that the store was not open for business when the burglary occurred and appellant did not have permission to enter the store. Electronic equipment valued at approximately $1,000.00 was taken and the stolen items included one television and four V.C.R.'s. Feagin testified that State's Exhibit 5, a photograph of the four V.C.R.'s and television recovered from the car, depicted products sold by Radio Shack and the items appeared to be the same type of items taken from the store.

Feagin testified he knew the equipment was stolen by reviewing the loss and damage report filed by the store manager. When he attempted to describe the equipment by referring to the loss and damage report, defense counsel objected on hearsay grounds. The court overruled the objection and Feagin testified regarding the type, number, brand and description of the property taken.

On appeal, appellant argued that the evidence was insufficient to show that the equipment recovered from the car was in the Radio Shack before the burglary or

was removed during the burglary. He cited *York v. State*, 511 S.W.2d 517 (Tex.Cr. App.1974), for the rule that the State must prove property is the identical property taken from the theft scene if it relies upon possession of recently stolen property to support the conviction.

The Court of Appeals reviewed the evidence and found that although Radio Shack sells Realistic brand equipment, Feagin was "fairly certain" that some equipment was taken from the store, and the photographs introduced depicted equipment sold by Radio Shack, the proof did not show that the items found in the car were the identical items taken in the theft. The court also found that the evidence was insufficient because Yates did not identify the persons in the store or in the car, and because a time lapse long enough to permit someone to enter or exit the car occurred between when Yates lost the car and Slowik located it again. Last, the court observed that Yates saw three people in the car and only two exited before it crashed. The Court of Appeals held the evidence insufficient and sustained appellant's second and third points of error.[1]

In its petition, the State argues that the evidence shows appellant was in a car trying to evade arrest, the car contained goods of the exact type, number, brand and description as those taken in the theft a short time after and a short distance from the scene of the burglary. The evidence also shows appellant evaded arrest and gave a false name when he was arrested. The State claims that the Court of Appeals substituted its judgment for that of the jury. According to the State, the Court of Appeals *incorrectly premised its finding of insufficient evidence on the State's failure to prove that the stolen property and the recovered property were the same*, when it

should have considered what the State did introduce, citing *Chambers v. State*, 711 S.W.2d 240 (Tex.Cr.App.1986).

In its brief, the State claims that the Court of Appeals improperly failed to consider the hearsay evidence regarding the loss and damage report. According to this Court's decision in *Deason v. State*, 786 S.W.2d 711 (Tex.Cr.App.1990), the State claims that the appellate court should have considered all the evidence, not just the evidence properly admitted.

■■■ The Court of Appeals properly stated the standard of review applicable to cases involving circumstantial evidence: the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See also *Deason*, supra, and *Moreno v. State*, 755 S.W.2d 866 (Tex.Cr.App.1988). In applying this standard, we determine whether the evidence viewed in the light favorable to the verdict excludes every reasonable hypothesis except the defendant's guilt. See *Carlson v. State*, 654 S.W.2d 444 (Tex.Cr. App.1983), and *Burks v. State*, 693 S.W.2d 932 (Tex.Cr.App.1985). The appellate court must consider all of the evidence presented, whether properly or improperly admitted. *Deason*, supra at 716 and cases cited therein.[2]

■■■ The record shows the following: Feagin stated that four V.C.R.'s and a television were taken from the Radio Shack and identified the four V.C.R.'s and television depicted in State's Exhibit 5 as the same type of items taken. The descriptions matched as to total number of items taken, specific number of each item taken,

---

1. The Court of Appeals also sustained appellant's first point of error concerning improper admission of the loss and damage report, and held that appellant's last point of error regarding improper admission of the three-quarter length coat not previously disclosed to appellant as ordered by the trial court was rendered moot by the appellate court's acquittal order.

2. Appellant argues that *Deason* applies only to cases tried before a judge. The holding in *Deason* regarding an appellate court's duty to consider all the evidence was not limited to trials before the court since such a holding was not necessary to the case and the rule was supported by citation to *Beltran v. State*, 728 S.W.2d 382 (Tex.Cr.App.1987), and *Dunn v. State*, 721 S.W.2d 325 (Tex.Cr.App.1986), both of which were jury trials.

brand names and specific description. Viewing this evidence in the light most favorable to the verdict, we find the evidence sufficient to establish that the equipment recovered from the car was the same equipment taken from the store. See and compare *Nichols v. State*, 479 S.W.2d 277 (Tex.Cr.App.1972) (The State presented no evidence to establish what the arresting officer did with the property found in the defendant's possession, or that the property identified at the police department was the same as that found in the defendant's possession).

■ The record also shows the following. Yates saw two men run from the store carrying something and get into a car. A few minutes later police located a car matching the given description near the store and a short chase ensued. One officer identified appellant as a passenger in the car. Shortly thereafter, two males jumped from the car while it was still moving. After the car crashed, police found the stolen property in the car. About four hours later police found appellant near where the car crashed. Appellant gave officers a false name. He was wearing clothing similar to that described by the officers. We find that this evidence is sufficient to show that appellant committed the offense.[3]

Accordingly, the judgment of the Court of Appeals holding that the evidence is insufficient and ordering an acquittal is set aside. The cause is remanded to the Court of Appeals.

---

**3.** The Court of Appeals held that the absence of identification testimony and the time lapse between when Yates lost the car and when the police found it again raised the possibility that someone could have exited or entered the car. We find that even if such evidence raises the possibility that the actual burglar got out of the car before appellant and the other man were apprehended, such a hypothesis is not reasonable under the evidence, *viewed in the light favorable to the verdict.* [Emphasis added.]