Calvin SCOTT, Appellant,

v.

The STATE of Texas, State.

No. 2–90–310–CR.

Court of Appeals of Texas,
Fort Worth.

April 8, 1992.

Fred B. Nies, II, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., David C. Colley and Jim Crouch, Assts., Denton, for state.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Calvin Scott who was convicted of the offense of burglary of a habitation. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). After finding the enhancement paragraph to be true, the jury assessed punishment at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Scott contends on appeal that: (1) the circumstantial evidence was insufficient to prove that he acted with the requisite intent and (2) the trial court erred in denying his motion for an instructed verdict.

We affirm.

### Statement of Facts

On July 24, 1986, Ronald Smith, an apartment complex landlord, observed an older model Cadillac pull into a lot adjacent to his complex with two black males as occupants—one being an unidentified driver and the other with a "red pick-type comb" in his hair, later identified as Willie Lee. Approximately ten to fifteen minutes later Ronald Smith observed a third black male, later identified as Bobby Smith, rolling some merchandise in the direction of the parked car and then later handing some of the goods to the individuals inside the car. Ronald Smith went over to investigate and inquired as to what "they were doing." Ronald Smith then called the police while in the meantime Bobby Smith fled on foot and the Cadillac also left.

The officers responding to the call found that two apartment units had been forced open. Ronald Smith then gave the officers a description of the three men as well as the first three numbers on the license plate of the "older model black and white Cadillac." After receiving the description of the suspects as well as their vehicle, Officer Bob Summers of the Denton Police Department observed a vehicle being driven by the appellant which matched the description given by Ronald Smith. After pulling the car over, Summers discovered a color television set in the back seat; the appellant, Calvin Scott, and Lee were arrested. The appellant and Lee were taken back to the apartment complex where Ronald Smith identified Lee as being the man who placed the merchandise in the back of the car. Sharon Sanders, the sister of Bobby Smith, testified that her brother informed her on the day of the burglary that he and two other men had broken into her apartment and had stolen her television. Sanders testified that upon hearing this she went home immediately and discovered that her door had been pried open and her television was missing. The following day, Sanders recovered from the police her television which had been recovered the previous day from the vehicle driven by the appellant.

### Appellant's Points of Error

In his first point of error, Scott asserts that the circumstantial evidence presented at trial was insufficient to prove beyond a reasonable doubt that he was criminally responsible via the law of parties for the

burglary of a habitation. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex. Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

The standard for review is the same for direct and circumstantial evidence cases. *Butler v. State,* 769 S.W.2d 234, 238 (Tex. Crim.App.1989). Nevertheless, the court of criminal appeals has stated: "when reviewing the sufficiency of circumstantial evidence, we ordinarily utilize the outstanding reasonable hypothesis theory as an analytical tool." *Madden v. State,* 799 S.W.2d 683, 690 (Tex.Crim.App.1990). In applying this standard, we determine whether the evidence viewed in the light favorable to the verdict excludes every reasonable hypothesis except the defendant's guilt. *Nickerson v. State,* 810 S.W.2d 398, 400 (Tex.Crim.App.1991).

■ As is outlined in the State's brief, Scott's conviction for burglary of a habitation was founded upon the law of parties. *See* TEX.PENAL CODE ANN. § 7.02 (Vernon 1974). The primary issue for our review is whether the circumstantial evidence in this instance adequately established that Scott acted in such a manner as to make him criminally responsible for the offense committed by Bobby Smith. Section 7.02 of the Texas Penal Code provides:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

. . . .

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense....

*Id.*

The appellant in his supplemental brief states:

Further, in the case of *Nickerson v. State,* 792 S.W.3d [sic] 212 (Tex.App.— Houston [1st District] 1990) Discretionary Review Granted, at page 215, that Court discusses some of the same factors as are present in this case before this Court, namely being the lack of identification of the driver of the vehicle and the time lapse that would have been of sufficient length to permit someone to have exited or entered the vehicle. Those same factors in this present case demonstrate that the cumulative effect of the evidence in this case before this Court does not exclude other reasonable hypothesis and is therefore insufficient to sustain the jury's verdict in this case.

However, as the State correctly points out in its brief, the *Nickerson* opinion relied upon *supra* by the appellant has been reversed by the Court of Criminal Appeals of Texas. *Nickerson,* 810 S.W.2d 398. The court of criminal appeals in *Nickerson* held that the circumstantial evidence was sufficient to show that the defendant committed the offense. *Id.* at 401.

The record in this case reflects: (1) three black males were placed at the scene, two

of whom were in the black and white Cadillac; (2) the driver of the Cadillac was never positively identified by witnesses to the offense although the passenger in the Cadillac was identified as having a "red pick-type comb" in his hair—Willie Lee was later positively identified by witnesses as being this person; (3) a black and white Cadillac was stopped about three miles from the apartment complex, approximately twenty minutes after a car meeting that exact description left the scene of the crime; (4) the Cadillac had two passengers inside with the appellant as the driver and Willie Lee as the passenger; (5) the television and some tools stolen from the apartment were in the Cadillac; (6) shortly after the offense had occurred, Bobby Smith reported to his sister that he and two other men had broken into her apartment and taken her television set; and (7) Officers Summers and Bateman testified that they knew that Scott drove a Cadillac meeting the description of the one reported at the burglary site. The basis of Scott's complaint is that there is no physical evidence affirming the State's contention that he was the driver of the car immediately before, during, or immediately after the burglary. We assume that the "reasonable hypothesis" that Scott is forwarding is that he became the driver of the Cadillac sometime in the twenty-minute interim between the time the Cadillac left the scene of the crime and the time the car was stopped by the police three miles away. We find that even if the lapse of time raises the possibility that the original driver got out of the car before Scott and Lee were apprehended, such a hypothesis is not reasonable under the evidence, viewed in the light favorable to the verdict. The appellant's first point of error is overruled.

■ In his second point, Scott contends that the trial court erred in denying his motion for instructed verdict in that the State failed to meet its burden in proving an element of the offense of burglary, namely that Sharon Sanders was the owner as set out in the indictment. Scott argues that a fatal variance between the indictment and proof at trial existed because the indictment alleged that Sharon Sanders

was the complainant while the complainant testified at trial that her name was Shary Sanders. The Court of Criminal Appeals of Texas has stated in *Ex parte Elliott* that:

> When two names have the same derivation or when one is an abbreviation or a corruption of the other, and one is commonly used for the other, the use of one for the other is not a material misnomer. *Evans v. State,* 509 S.W.2d 371 (Tex.Cr. App.1974); *Alsup v. State,* 36 Tex.Cr.R. 535, 38 S.W. 174 (1896). A commonly known diminutive or abbreviation is sufficient to identify a person in the absence of evidence indicating that a different person is intended. *O'Brien v. Cole,* 532 S.W.2d 151 (Tex.Civ.App.1976).

*Ex parte Elliott,* 542 S.W.2d 863, 864 (Tex. Crim.App.1976). In the present case, we find that a variance between the indictment and proof at trial did exist; however, since Shary can be described as a corruption of Sharon, we find that a fatal variance did not exist. As a sidenote, Scott has failed to demonstrate how he was prejudiced by such a variance. Also, in the trial court's charge, the name "Sharon" Sanders was used without objection. *See Evans v. State,* 509 S.W.2d 371, 371 n. 2 (Tex.Crim. App.1974). We hold that the trial court did not err in denying Scott's motion for an instructed verdict. The appellant's second point of error is overruled.

The judgment of the trial court is affirmed.