TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00038-CR






Fransisco Garcia, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 98-103, HONORABLE JACK ROBISON, JUDGE PRESIDING







 A jury found appellant, a previously convicted felon, guilty of unlawfully
possessing a firearm. See Tex. Penal Code Ann. § 46.04(a)(1) (West 1994) (previously convicted
felon commits offense by possessing firearm before fifth anniversary of release). The trial court
assessed punishment at ten years in prison, probated for ten years, and a $3,000 fine. Appellant
raises one point of error contending that the evidence is legally and factually insufficient to
support his conviction. We will affirm the conviction.


Facts


 The indictment alleged that appellant intentionally and knowingly possessed a
shotgun before the fifth anniversary of his release from community supervision for the offense of
possession of a prohibited weapon. At trial, appellant did not dispute that he had been convicted
on October 8, 1996, for the felony offense of possessing a prohibited weapon, a sawed-off
shotgun. The State relied primarily on the testimony of Armando and Jason Rodriguez who
claimed that they saw appellant with a firearm. Armando and Jason were part of a group sitting
in the back of a pickup truck that drove past Carlos Cantu's house on China Street in Lockhart
several times on the night of February 20, 1998. 

 Armando Rodriguez had met appellant two times before this incident and knew
appellant was a member of a rival group. Armando first saw appellant with a gun that night when
his group drove by Cantu's house the first time. In a written statement given to police in March
1998, Armando could not recall the type of gun appellant was holding. At trial, however,
Armando recalled that appellant had a shotgun. As the group drove by, Armando saw appellant
wearing a red shirt standing outside Cantu's house holding the shotgun behind his back. Although
it was dark, there was enough light from a nearby street light and Cantu's front porch light that
Armando was able to recognize appellant. Armando believed he was about five feet away from
appellant as the car passed Cantu's house. As the group passed the house, appellant raised the
gun up in the air. Armando saw appellant with the shotgun again when Armando's group drove
past Cantu's house a third time. This time appellant was once again standing outside Cantu's
house; he held the gun up in the air and shouted "Come on punks." Armando then saw appellant
shoot the gun three times into the air. Armando's testimony at trial differed from his earlier
written statement in which he claimed that he saw appellant with the gun only the first time the
group drove by Cantu's house. After appellant shot his gun, five to seven other shots came from
a group of ten or twelve people also standing in front of Cantu's house. After the last shot,
Armando's group realized that one of their members had been shot. Armando saw appellant get
into a car that left the scene. The gunshot victim later died. 

 Jason Rodriguez testified that he was with the group of people that drove past
Cantu's house several times. There was enough light from a street light and Cantu's front porch
light that he was able to identify appellant. He knew appellant as a member of a rival gang. He
saw appellant go into Cantu's house and come back out carrying a shotgun. He saw appellant
standing outside Cantu's house holding the shotgun with the barrel pointed up in the air. He
believed that he was about twenty feet away from appellant as the car passed Cantu's house. He
saw appellant with the shotgun only once. He did not see who did the shooting later because he
had taken off his glasses in preparation for a fist fight.

 Ismael Reyes testified that during the incident appellant was with him at a
convenience store close to Cantu's house and that appellant did not have a weapon. Before the
incident, Reyes had been at Cantu's house and saw a shotgun in the house along with other
firearms.

 More than three hours after the shooting incident, a police officer tested appellant's
hands for gunshot residue. The senior trace evidence analyst from the Bexar County Forensic
Science Center laboratory testified that appellant's hands did not contain any gunshot residue. The
analyst explained that nothing could be inferred from the lack of gunshot residue on appellant's
hands because appellant's whereabouts during the three-hour period after the shooting and before
his hands were tested were unknown and residue, if any, could have been wiped off during that
time. Additionally, no weapon was ever recovered.

Sufficiency of the Evidence


 A person unlawfully possesses a firearm if the person has been convicted of a
felony and then possesses a firearm before the fifth anniversary of the person's release from
confinement or community supervision. See Tex. Penal Code Ann. § 46.04(a)(1) (West 1994). 

 When conducting a legal sufficiency review, we view all of the evidence in the light
most favorable to the verdict, and determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). 

 When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all of the evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

 Appellant argues that he presented evidence that he was not at the scene at the time
gunshots were fired. He also argues that Armando and Jason Rodriguez are not credible witnesses
because they were not his friends and were motivated to lie about the events. Additionally,
appellant contends that their testimony was contradictory and inconsistent with written statements
they gave to the police in March 1998. Appellant argues that therefore it was impossible for any
rational fact finder to conclude appellant possessed a firearm beyond a reasonable doubt. Finally,
appellant contends that it could not be definitively determined whether he had fired a gun because
the sample taken from his hands within hours of the shooting showed that there were no gunshot
residue particles on his hands. 

 The jury is the exclusive judge of the credibility of the witnesses and the weight
to be given their testimony, and may accept or reject all or any part of the evidence. Flanagan
v. State, 675 S.W.2d 734, 736 (Tex. Crim. App. 1984); Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979). The jury also reconciles any evidentiary conflicts. Miller v. State, 909 S.W.2d
586, 593 (Tex. App.--Austin 1995, no pet.) (citing Bowden v. State, 628 S.W.2d 782, 787 (Tex.
Crim. App. 1982)). Finally, the jury may draw reasonable inferences and make reasonable
deductions from the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus
Christi 1988, pet. ref'd). 

 In reviewing the record for legal sufficiency, this Court may not weigh the evidence
as a thirteenth juror. See Nickerson v. State, 810 S.W.2d 398, 400 (Tex. Crim. App. 1991). 
Appellant's arguments focus on the witnesses' credibility, which is an issue left for the jury to
decide. Despite the conflicting evidence, appellant's alibi defense, and the fact that no weapon
was recovered, when viewing the evidence in a light most favorable to the verdict, we conclude
that a rational fact finder could have found the essential elements of identity and possession of a
firearm beyond a reasonable doubt. Additionally, appellant has failed to show how the verdict
is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Clewis, 922 S.W.2d at 134-35. Appellant's point of error is overruled.

Conclusion


 The conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: December 9, 1999

Do Not Publish



 CG Times Regular"> A person unlawfully possesses a firearm if the person has been convicted of a
felony and then possesses a firearm before the fifth anniversary of the person's release from
confinement or community supervision. See Tex. Penal Code Ann. § 46.04(a)(1) (West 1994). 

 When conducting a legal sufficiency review, we view all of the evidence in the light
most favorable to the verdict, and determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). 

 When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all of the evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

 Appellant argues that he presented evidence that he was not at the scene at the time
gunshots were fired. He also argues that Armando and Jason Rodriguez are not credible witnesses
because they were not his friends and were motivated to lie about the events. Additionally,
appellant contends that their testimony was contradictory and inconsistent with written statements
they gave to the police in March 1998. Appellant argues that therefore it was impossible for any
rational fact finder to conclude appellant possessed a firearm beyond a reasonable doubt. Finally,
appellant contends that it could not be definitively determined whether he had fired a gun because
the sample taken from his hands within hours of the shooting showed that there were no gunshot
residue particles on his hands. 

 The jury is the exclusive judge of the credibility of the witnesses and the weight
to be given their testimony, and may accept or reject all or any part of the evidence. Flanagan
v. State, 675 S.W.2d 734, 736 (Tex. Crim. App. 1984); Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979). The jury also reconciles any evidentiary conflicts. Miller v. State, 909 S.W.2d
586, 593 (Tex. App.--Austin 1995, no pet.) (citing Bowden v. State, 628 S.W.2d 782, 787 (Tex.
Crim. App. 1982)). Finally, the jury may draw reasonable inferences and make reasonable
deductions from the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus
Christi 1988, pet. ref'd). 

 In reviewing the record for legal sufficiency, this Court may not weigh the evidence
as a thirteenth juror. See Nickerson v. State, 810 S.W.2d 398, 400 (Tex. Crim. App. 1991). 
Appellant's arguments focus on the witness