NO. 12-02-00229-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


JOE LEE BUSTER,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS







MEMORANDUM OPINION


 Joe Lee Buster ("Appellant") appeals his conviction for assault on a public servant. In his
sole issue, Appellant argues that a fatal variance exists between the complainant's name alleged in
the indictment and the name proved at trial rendering the evidence legally insufficient to support a
conviction. We affirm.


Background

 Appellant was charged by indictment with "intentionally, knowingly, and recklessly caus[ing]
bodily injury to Kathy Caldwell by striking her in the face" on or about July 20, 2000. (1) The
indictment alleged that, at the time of the assault, (1) Appellant knew that the victim, Kathy Caldwell
("Caldwell"), was a public servant and (2) that Caldwell was lawfully discharging an official duty,
interviewing inmates, as a mental health liason employed by the University of Texas Medical Branch
("UTMB"), and assigned to the Texas Department of Criminal Justice, Institutional Division
("TDCJ") in the psychology department of the Eastham Unit. (2) Further, the indictment contained two
felony enhancement paragraphs.

 At trial, Appellant appeared pro se. Although Appellant pleaded "not guilty," he admitted 
during opening argument that he committed the offense. However, Appellant argued that his actions
were unintentional because of his diminished capacity or mental incapacity. During Caldwell's
testimony, she stated that her name was "Kathleen" Caldwell. Caldwell acknowledged that she was
a mental health liason for UTMB at the Eastham Unit. Caldwell also identified Appellant as the
person who struck her in the face July 20, 2000 while she was working as a mental health liason for
UTMB at the Eastham Unit in Houston County, Texas. Further, she testified regarding her
confrontation with Appellant in her office and events leading up to the alleged assault.

 Joy Jackson ("Jackson") testified that she works for UTMB at the Eastham Unit. She stated
that she and "Kathy" Caldwell work in the same office and that she was present in the office when
the alleged assault occurred. Although she was sitting with her back to Caldwell, Jackson could hear
the conversation between Appellant and Caldwell. She testified that she heard a slap, but did not
see the actual assault. Jackson identified Appellant as the person she knew as Joe Lee Buster who
was in the office when the incident occurred. Further, she testified that no one else was present in
the office when the assault occurred other than herself, Appellant, and Caldwell. 

 Benjamin Jefferies ("Jefferies"), a sergeant at TDCJ in the Eastham Unit, testified that he saw
"Ms. Caldwell" leave her office, holding her face, and crying. Although he did not see the assault,
Jefferies identified Appellant in the courtroom as the person he previously recognized as Joe Lee
Buster on July 20, 2000. Ed Whitehead ("Whitehead"), employed by the Office of the Inspector
General, Investigations Division, spoke to the inmate suspected of assaulting "Kathy" Caldwell. 
Whitehead took a statement from Appellant on July 24, 2000 in which Appellant admitted striking
"Ms. Caldwell." Mark Hanley ("Hanley"), a lieutenant at the Eastham Unit, arrived at the
psychology unit and found "Ms. Caldwell" visibly shaking. She stated that she had been assaulted. 
Further, both Caldwell and Jackson declared that offender Buster assaulted Caldwell. Hanley
identified Appellant as offender Buster.

 In closing arguments, the prosecutor referred to Caldwell as "Kathy" and "Ms. Caldwell."
Appellant referred to Caldwell as "Ms. Caldwell." Further, the court's charge referred to Caldwell
as "Kathy." On August 7, 2002, a jury convicted Appellant of assault on a public servant as charged
in the indictment and assessed punishment at sixty years of imprisonment. (3)


Evidentiary Sufficiency

 Appellant argues that there was a fatal variance between the complainant's name in the
indictment and evidence of the complainant's name at trial. Appellant contends that "Kathy" is not
necessarily or solely a derivative or corruption of "Kathleen." Because there was no evidence that
"Kathy" and "Kathleen" were the same person, Appellant argues, he might again be charged with
the same offense naming "Kathleen" Caldwell as the complainant. However, the State contends that
there was sufficient evidence to establish that "Kathy" and "Kathleen" were the same person, and
that Appellant is not in danger of twice being prosecuted for the same offense.

Applicable Law

 In reviewing a claim of legal insufficiency, the standard of review is whether any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); LaCour v.
State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The evidence is viewed in the light most
favorable to the verdict. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d at
671. The jury is the sole judge of the credibility of witnesses and of the weight to be given their
testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Any reconciliation of
conflicts and contradictions in the evidence is entirely within the jury's domain. Losada v. State,
721 S.W.2d 305, 309 (Tex. Crim. App. 1986). If a reviewing court finds the evidence legally
insufficient to support a conviction, the result is an acquittal. Tibbs v. Florida, 457 U.S. 31, 41-42,
102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982); Adi v. State, 94 S.W.3d 124, 128 (Tex.
App.-Corpus Christi 2002, pet. ref'd).

 In a criminal conviction, sufficiency of the evidence is determined by the elements of the
crime as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). The correct charge "would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's burden of proof or
unnecessarily restrict the State's theories of liability, and adequately describes the particular offense
for which the defendant was tried." Id. However, the hypothetically correct jury charge takes into
consideration the fatal variance doctrine; allegations giving rise to immaterial variances may be
disregarded, but allegations giving rise to material variances must be included. Fuller v. State, 73
S.W.3d 250, 253 (Tex. Crim. App. 2002); Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App.
2001). 

 A "variance" occurs when there is a disparity between the allegations in the charging
instrument and the proof at trial. Gollihar, 46 S.W.3d at 246. However, a variance is fatal only if
it is material and prejudices the defendant's substantial rights. Id. at 257 (quoting United States v.
Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). A materiality inquiry requires determining "whether the
indictment, as written, informed the defendant of the charge against him sufficiently to allow him
to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted
indictment would subject the defendant to the risk of being prosecuted later for the same crime." Id.
(quoting Sprick, 233 F.3d at 853); see also Fuller, 73 S.W.3d at 253. Further, the entire record from
the first trial should be scrutinized to protect against double jeopardy in a later prosecution. 
Gollihar, 46 S.W.3d at 258 (citing United States v. Apodaca, 843 F.2d 421, 430 n.3 (10th Cir.
1988)); Warren v. State, 98 S.W.3d 739, 742 (Tex. App.-Waco 2003, pet. stricken). 

 No variance exists between a name pleaded and a name proved if one is by common use
deemed a "nickname" for the other. 43 George E. Dix & Robert O. Dawson, Texas Practice:
Criminal Practice and Procedure § 31.205, at 125 (2d ed. 2001). Where one name is an
abbreviation or corruption of the other but both are commonly taken according to common use to
be the same, using one for the other is not a material misnomer. Evans v. State, 509 S.W.2d 371,
372 (Tex. Crim. App. 1974).

Analysis

 In reviewing Appellant's claim of legal insufficiency, the first issue is whether the victim's
name is a substantive element of the criminal offense as defined by state law. See Fuller, 73 S.W.3d
at 252 (citing Jackson, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16); Warren, 98 S.W.3d at 741. 
State law defines "element of offense" as the forbidden conduct with the required culpability. Tex.
Pen. Code Ann. § 1.07(a)(22)(A), (B) (Vernon 2003); Fuller, 73 S.W.3d at 252-53. In Fuller, the
defendant was convicted of injury to an elderly individual. Id. at 251. The court noted that state law
did not define the victim's name as a substantive element of the offense of injury to an elderly
individual. Id. at 253. Evidence proving every fact required to constitute the crime charged satisfied
the Jackson standard. Id. The court found that failure to prove the victim's name exactly as alleged
in the indictment did not make the evidence insufficient to support a conviction. Id. 

 Similarly, the victim's name is not defined as a substantive element of the offense of assault
on a public servant. See id. The State presented evidence that Appellant caused bodily injury to a
public servant by striking that individual in the face, that he knew the individual to be a public
servant, and that the individual was lawfully discharging an official duty. This evidence satisfies the
Jackson standard because it establishes proof of every fact necessary to constitute assault on a public
servant. Therefore, the State's failure to prove the victim's name as alleged in the indictment does
not make the evidence insufficient to support Appellant's conviction. 

 Second, we must determine if the evidence is sufficient under Gollihar. Appellant does not
dispute that the indictment sufficiently informed him of the charge to allow him to prepare an
adequate defense at trial. However, the second materiality inquiry of Gollihar is in
question--whether this variance subjects Appellant to being prosecuted later for the same offense. 

 The complainant was identified in the indictment as "Kathy" Caldwell although she stated
her name at trial as "Kathleen" Caldwell. Throughout the trial, Caldwell was referred to as "Kathy"
or "Ms. Caldwell," never "Kathleen." However, there was no specific evidence at trial that
"Kathleen" Caldwell was also known as "Kathy." Compare Maldonado v. State, 998 S.W.2d 239,
248 (Tex. Crim. App. 1999) (no fatal variance because evidence sufficient to show individual named
in indictment was victim); Blankenship v. State, 785 S.W.2d 158, 160 (Tex. Crim. App. 1990)
(evidence sufficient because victim was known by the name alleged in the indictment); Whitten v.
State, 711 S.W.2d 661, 664 (Tex. App.-Tyler 1985, no pet.) (no fatal variance because witness
testified, in effect, that victim was also known by the name alleged in the indictment), with Herrera
v. State, 623 S.W.2d 940, 941 (Tex. Crim. App. 1981) (fatal variance because no evidence that
victim was known by name alleged in indictment and name proved at trial); Grant v. State, 568
S.W.2d 353, 354 & n.1 (Tex. Crim. App. 1978) (evidence insufficient to sustain a conviction
because there was no evidence that victim was known by name alleged in the indictment). 

 The evidence shows that Caldwell identified Appellant as the person who assaulted her on
July 20, 2000 while she was working as a mental health liason at the Eastham Unit in Houston
County, Texas. Her co-worker, Jackson, testified that she was present during the assault and referred
to the individual assaulted as "Kathy." Jackson also identified Appellant as the only other person
present in the office during the incident besides Caldwell and herself. Whitehead took a statement
from Appellant in which he admitted to striking "Ms. Caldwell." Hanley identified Appellant as the
offender whom both Caldwell and Jackson declared assaulted Caldwell. 

 If the State attempted to prosecute Appellant again for this assault on a public person, the
entire record from this trial would be examined to protect against double jeopardy. See Gollihar,
46 S.W.3d at 258 (citing Apodaca, 843 F.2d at 430 n.3); Warren, 98 S.W.3d at 742. An
examination of the entire record would show that Appellant had been prosecuted for the offense
against Caldwell, a public servant at the Eastham Unit, on July 20, 2000. The variance between
complainant's name as alleged in the indictment and as proved at trial is not material and would not
subject Appellant to another prosecution for the same offense. Moreover, because "Kathy" is a
derivation or commonly known as a nickname of "Kathleen," using "Kathy" for "Kathleen" is
neither a variance nor a material misnomer. See Evans, 509 S.W.2d at 372; 43 George E. Dix &
Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 31.205, at 125.
Therefore, we conclude that the evidence is sufficient to support Appellant's conviction. 
Accordingly, Appellant's challenge to the legal sufficiency of the evidence is overruled.


Conclusion

 Based upon our review of the record, we hold that the evidence is legally sufficient to support
Appellant's conviction and conclude that the variance between the complainant's name as alleged
in the indictment and proved at trial is not material. Accordingly, the judgment of the trial court is
affirmed.


 

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered June 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.

































(DO NOT PUBLISH)
1. A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury
to another. Tex. Pen. Code Ann. § 22.01(a) (Vernon 2003).
2. Assault under Tex. Pen. Code Ann. § 22.01(a) is a Class A misdemeanor unless the offense is committed
against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. 
Tex. Pen. Code Ann. § 22.01(b)(1). If assault is committed against a public servant, the offense is a felony of the
third degree. Tex. Pen. Code Ann. § 22.01(b). 
3. Before enhancement, the punishment range for Appellant's third degree felony was for a period of not
more than ten years or less than two years of imprisonment and, in addition, a fine not exceeding $10,000. Tex. Pen.
Code Ann. § 12.34 (Vernon 2003). However, because both enhancement allegations were found to be true,
Appellant's punishment range increased to imprisonment for life or for a period of not more than ninety-nine years or
less than twenty-five years. Tex. Pen. Code Ann. § 12.42(d) (Vernon 2003).