Clarence Hilbert **VALLIER**, Appellant,

v.

The **STATE** of Texas, Appellee.

**No. 09 84 111 CR.**

Court of Appeals of Texas, Beaumont.

April 3, 1985.

Paul Buchanan, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of the offense of Possession of a Controlled Substance, to-wit, cocaine. Punishment was assessed by the jury at five years in the Texas Department of Corrections, probated, and, in addition, a fine of ten thousand dollars.

Appeal has been perfected to this Court on one ground of error, viz: "The evidence is insufficient to support a conviction for possession of a controlled substance in this cause."

Appellant has provided us with an able and thorough brief from which we conclude the evidence is insufficient to show appellant was in possession of the contraband found in the house. However, cocaine was found in an automobile in the driveway. The testimony concerning this follows:

"We executed the search warrant for the residence and the vehicles associated. The car was parked in the driveway. I asked [appellant] if it was his and he said it was. He asked me if I needed to look in it and I told him I did. He reached in his pocket and gave me the keys to it."

The case at bar seems to us to be controlled by *Christopher v. State*, 639 S.W.2d 932, 935 (Tex.Crim.App.1982), where the Court wrote:

"To support a conviction for possession of marihuana the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and of its whereabouts. [citing authorities] This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. [citing authorities]

"In the instant case, the appellant was in possession of the key to the camper

which reasonably implies his control over the contraband...."

Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.

BURGESS, Justice, concurring and dissenting.

I concur in part and dissent in part. I concur in the majority's finding of insufficient evidence to show the appellant was in possession of the contraband found in the house. I respectfully dissent to the majority's holding that the evidence concerning the contraband found in the automobile was sufficient.

I agree with the majority that the case at bar seems to be controlled by *Christopher v. State*, 639 S.W.2d 932 (Tex.Crim.App. 1982). I disagree, however, with their application, or lack of it, to this case. They correctly cite that portion of *Christopher*, *supra*, which sets out the requirement that the accused must have both knowledge and control of the contraband. They also correctly find that the testimony cited would reasonably imply control over the contraband. Nowhere do they cite any testimony or evidence which reasonably implies the accused had knowledge of the contraband. They fail to do so because there is no such evidence in the record.

I would have to presume the majority is adopting a rule that once control over the contraband can be implied, then some type of presumption of knowledge arises. This is not and should not be the law. I would reverse and enter a judgment of acquittal.