NO. 07-02-0004-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 30, 2002


______________________________



FELIX SALAS RODRIGUEZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 222nd DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR 99D-041; HON. H. BRYAN POFF, JR., PRESIDING


_______________________________



Before QUINN and JOHNSON, JJ., and BOYD, SJ. (1)

 Appellant Felix Salas Rodriguez was convicted of the offense of aggravated assault
with a deadly weapon. In his appeal, he complains in four issues that the trial court (1)
erred in refusing to instruct the jury on self-defense, (2) erred in refusing to instruct the jury
on the lesser-included offense of assault, (3) failed to require the State to use its
peremptory challenges so that Hispanic jurors would be seated, and (4) admitted
prejudicial evidence at the punishment hearing even though it was inadmissible under the
business records exception to the hearsay rule. We affirm the judgment of the trial court.

 Background

 The offense occurred during the evening of April 4, 1999, when Brian Rodriguez
(Brian), his ex-wife Sandra Rodriguez (Sandra), and his half-brother Jesse Rodriguez
(Jesse) went to the home of Brian's aunt and uncle to get some menudo. Sandra
remained in the car while Brian and Jesse went into the house where appellant, who was 
Brian's half-cousin or step-cousin, was also present. Brian and appellant talked and later
went outside the house along with Jesse. After several minutes, appellant went back in
the house and returned with a knife. Appellant then hit Brian with his fist. Brian began to
run and appellant chased after him. Appellant later returned to the house and handed a
knife to someone in the house. Jesse and Sandra found Brian some distance away with
a stab wound. 

 Instruction on Self-Defense

 In his first issue, appellant complains of the trial court's failure to give an instruction
on self-defense. An accused is entitled to an instruction on any defensive issue raised by
the evidence. Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). This is true
irrespective of whether we or the trial court believe the evidence to be feeble, strong,
unimpeached, contradicted, or incredible. Id. However, some evidence must appear of
record touching upon each element of the defense. Holloman v. State, 948 S.W.2d 349,
350 (Tex. App.--Amarillo 1997, no pet.). Thus, appellant is entitled to an instruction on
self-defense if there existed some evidence of record illustrating that he 1) used force
against another, 2) when and to the degree he reasonably believed was immediately
necessary to protect himself, and 3) against the other's use or attempted use of unlawful
force. See Tex. Pen. Code Ann. §9.31(a) (Vernon Supp. 2002). Further, when deadly
force is used, such as that here, evidence must also exist illustrating that a reasonable
person in the actor's situation would not have retreated. Id. §9.32(a). 

 The evidence that appellant asserts supports his request for an instruction on self-defense arises from his written statement:

 . . . When we got outside, I stayed by the door. Brian asked me if I remember what happen in jail when he was younger. I told him that I did not
want to talk about that since it had been years back. Brian asked me why
I had not helped him, when he was going to get rapped [sic], and that I was
one of the guys that was going to rape him. I told him that he needed to
forget about that, that it was in the past. Brian told me that he did not want
to hear that and started reaching for his pant pocket. When I saw Brian
reaching for his pant pocket, I opened the door to the house and grabbed a
kitchen knife from the sink area. The sink is right next to the front door,
which is where I was standing. I got the knife and when I did, Brian took of
[sic]running and I started chasing him. When I was chasing him he fell to the
ground. When he fell I told him, "THIS IS THE WAY I LIKE TO GET THEM"
and I stabbed him once . . . The reason I stabbed him is because I knew
that if he would have had a chance to stab me, he would have stabbed me
first. 

There is no evidence in the record that Brian was carrying a weapon. 

 The mere fact an accused believes that the complainant might attack him in some
manner without evidence of an overt act or words is insufficient to raise the right to an
instruction on self-defense. Hudson v. State, 956 S.W.2d 103, 105 (Tex. App.--Tyler
1997, no pet.); Halbert v. State, 881 S.W.2d 121, 125 (Tex. App.--Houston [1st Dist.] 1994,
pet. ref'd). Even if it could be said that reaching into one's pocket is an overt act which
would cause one to believe he was going to be attacked, appellant has cited us to no
evidence in the record indicating that a reasonable person in his situation would not have
or could not have retreated. Nor did we find any. (2) Given this, we cannot hold that the trial
court erred in refusing to instruct the jury on self-defense. 

 Instruction on Lesser-Included Offense

 In his second issue, appellant contends the trial court should have instructed the
jury on the lesser-included offense of assault. The State does not dispute that assault is
a lesser-included offense of aggravated assault. Therefore, to be entitled to the
instruction, evidence must appear of record which would permit a jury to rationally
conclude that appellant is guilty only of the lesser crime. Schweinle v. State, 915 S.W.2d
17, 18 (Tex. Crim. App. 1996). To satisfy this requirement, it is not enough that the jury
may disbelieve crucial evidence pertaining to the greater offense. Bignall v. State, 887
S.W.2d 21, 24 (Tex. Crim. App. 1994). Instead, there must be evidence directly germane
to a lesser offense meaning that someone must present affirmative evidence illustrating
that appellant only committed the lesser offense. Id. That evidence may come from any
source so long as it is admissible. See Lugo v. State, 667 S.W.2d 144, 147 (Tex. Crim.
App. 1984). In determining whether particular evidence is sufficient to entitle appellant to
the instruction sought, the evidence must be considered within the context presented. 
Ramos v. State, 865 S.W.2d 463, 465 (Tex. Crim. App. 1993) (holding that the evidence
entitling the party to the lesser offense instruction must be "viewed in light of appellant's
factual theory of the case"). 

 The distinction between assault and aggravated assault is that for the latter offense,
a person must cause serious bodily injury to another or use or exhibit a deadly weapon
during the commission of the assault. Tex. Pen. Code Ann. §22.02(a) (Vernon 1994). 
Appellant suggests, in his brief, that the jury had before it evidence that Brian claimed a
man with long hair (a man other than appellant) stabbed him. And, because it had that
evidence before it, the latter was entitled to conclude that appellant merely hit Brian while
someone else inflicted the serious bodily injury (stab wound) upon the victim. Yet, upon
viewing the evidence alluded to in context, neither we, nor a rational jury, could read it as
appellant proposes. Though comments were made about someone with long hair, Brian 
conceded under examination that he did not know who stabbed him. And, to the extent he
admitted to not knowing who stabbed him, the testimony about a long-haired man is no
evidence negating the State's accusation that appellant inflicted the knife wound and
thereby caused Brian serious bodily injury. 

 Batson Challenge

 In his third issue, appellant argues that the trial court erred in failing to find that the
State intentionally discriminated against prospective jurors because of race in violation of 
the holding in Batson v. Kentucky, 476 U.S. 79, 84, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). 
This contention is premised on the State's failure to exercise all of its peremptory
challenges thereby failing to reach some Hispanic members of the venire panel for seating
on the jury. 

 Under Batson, a defendant must first establish a prima facie showing of racial
discrimination in the State's exercise of its peremptory strikes after which the burden shifts
to the State to provide a race-neutral explanation. Mathis v. State, 67 S.W.3d 918, 924
(Tex. Crim. App. 2002). Then the burden shifts back to the defendant to show that the
explanations are actually a pretext for discrimination. Id. We accord the trial court's ruling
on the matter a deference similar to other decisions of an inherently factual nature and
overturn it only if it is clearly erroneous. Id. 

 The record shows that two Hispanic persons were seated on the jury. Of the nine
people struck by the State, two were Hispanic. One was struck because the State believed
it had prosecuted his father for perjury, and the other was struck because he was one of 
several members of the panel younger than 30 who it was believed would be more lenient
on punishment. The State did not use all of its peremptory challenges because it did not
see anyone else it felt needed to be cut from the panel. Appellant does not actually
contest the trial court's determination that the peremptory challenges were made for race-neutral reasons. Instead, he complains that the State should have exercised all of its
peremptory challenges so that other Hispanic members of the venire panel might have
been reached and seated on the jury.

 However, it has been held that the State has no duty to use all of its strikes merely
because there are minority members on the panel further down the list. Mayes v. State,
870 S.W.2d 695, 699 (Tex. App.--Beaumont 1994, no pet.); Hamel v. State, 803 S.W.2d
878, 879-80 (Tex. App.--Fort Worth 1991, pet. ref'd). To require the State to use all of its
peremptory challenges in the event minority members are left remaining on the venire
panel or to require it to explain why it felt no need to challenge each remaining member
of the venire panel is an extension of Batson we decline to make. See Mayes, 870 S.W.2d
at 699.

 

Admissibility of County Jail Records


 In his final issue, appellant complains that county jail records should not have been
admitted into evidence during the punishment phase under the business records exception
to the hearsay rule. Rule 803 of the Rules of Evidence permits records of a regularly
conducted activity to be admitted as an exception to the hearsay rule if made at or near
the time of the event, from information transmitted by a person with knowledge, which is
kept in the course of a regularly conducted business activity, and for which it was the
regular practice of the business to make the record unless "the source of information or
the method or circumstances of preparation indicate lack of trustworthiness." Tex. R. Evid.
803(6). Appellant argues that the police are agents of the State, and therefore the
trustworthiness of their records used against a defendant is inherently suspect. These
particular records contained instances of misconduct on the part of appellant while in jail.

 Appellant originally objected to the evidence under the hearsay rule which the
court sustained. The State was then permitted to prove the predicate for admissibility
under the business records exception. Appellant objected again on the basis that the
State did not carry its burden to prove up the business records exception. Jail records are
generally admissible under the business records exception to the hearsay rule. Jackson
v. State, 822 S.W.2d 18, 30-31 (Tex. Crim. App. 1990), cert. denied, 509 U.S. 921, 113
S.Ct. 3034, 125 L.Ed.2d 722 (1993) (holding records were admissible because they were
made by one with personal knowledge at or near the time of some concrete event in the
regular course of business). 

 In this instance, appellant did not specifically object on the basis that the records
were untrustworthy because the jailers were officers of the State, and the context of the
exchange with the trial court does not reveal that the court understood that as the basis
of appellant's objection. An objection must be made with sufficient specificity to apprize
the trial court of the specific ground of the complaint, unless that ground is apparent from
the context. Tex. R. App. P. 33.1(a)(1); Aguilar v. State, 26 S.W.3d 901, 905-06 (Tex.
Crim. App. 2000). Appellant's general objection at trial does not comport with the rule. 
Consequently, he failed to preserve the complaint for purposes of appeal. 

 Accordingly, the judgment of the trial court is affirmed.

 

 Per Curiam



Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002).
2. Indeed, the record clearly indicates that he had the opportunity to retreat. Appellant himself
confessed that after Brian placed his hand in his pocket, appellant left the immediate scene of the fracas and
entered his house (to obtain a weapon).