NO. 07-02-0004-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 30, 2002
_____

FELIX SALAS RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222nd DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR 99D-041; HON. H. BRYAN POFF, JR., PRESIDING
_____

Before QUINN and JOHNSON, JJ., and BOYD, SJ.[1]

Appellant Felix Salas Rodriguez was convicted of the offense of aggravated assault with a deadly weapon. In his appeal, he complains in four issues that the trial court (1) erred in refusing to instruct the jury on self-defense, (2) erred in refusing to instruct the jury on the lesser-included offense of assault, (3) failed to require the State to use its peremptory challenges so that Hispanic jurors would be seated, and (4) admitted

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

prejudicial evidence at the punishment hearing even though it was inadmissible under the business records exception to the hearsay rule. We affirm the judgment of the trial court.

## Background

The offense occurred during the evening of April 4, 1999, when Brian Rodriguez (Brian), his ex-wife Sandra Rodriguez (Sandra), and his half-brother Jesse Rodriguez (Jesse) went to the home of Brian's aunt and uncle to get some menudo. Sandra remained in the car while Brian and Jesse went into the house where appellant, who was Brian's half-cousin or step-cousin, was also present. Brian and appellant talked and later went outside the house along with Jesse. After several minutes, appellant went back in the house and returned with a knife. Appellant then hit Brian with his fist. Brian began to run and appellant chased after him. Appellant later returned to the house and handed a knife to someone in the house. Jesse and Sandra found Brian some distance away with a stab wound.

## Instruction on Self-Defense

In his first issue, appellant complains of the trial court's failure to give an instruction on self-defense. An accused is entitled to an instruction on any defensive issue raised by the evidence. *Hamel v. State,* 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). This is true irrespective of whether we or the trial court believe the evidence to be feeble, strong, unimpeached, contradicted, or incredible. *Id.* However, some evidence must appear of record touching upon each element of the defense. *Holloman v. State,* 948 S.W.2d 349, 350 (Tex. App.—Amarillo 1997, no pet.). Thus, appellant is entitled to an instruction on self-defense if there existed some evidence of record illustrating that he 1) used force

2

against another, 2) when and to the degree he reasonably believed was immediately necessary to protect himself, and 3) against the other's use or attempted use of unlawful force. *See* TEX. PEN. CODE ANN. §9.31(a) (Vernon Supp. 2002). Further, when deadly force is used, such as that here, evidence must also exist illustrating that a reasonable person in the actor's situation would not have retreated. *Id.* §9.32(a).

The evidence that appellant asserts supports his request for an instruction on self-defense arises from his written statement:

> . . . When we got outside, I stayed by the door. Brian asked me if I remember what happen in jail when he was younger. I told him that I did not want to talk about that since it had been years back. Brian asked me why I had not helped him, when he was going to get rapped [sic], and that I was one of the guys that was going to rape him. I told him that he needed to forget about that, that it was in the past. Brian told me that he did not want to hear that and started reaching for his pant pocket. When I saw Brian reaching for his pant pocket, I opened the door to the house and grabbed a kitchen knife from the sink area. The sink is right next to the front door, which is where I was standing. I got the knife and when I did, Brian took of [sic]running and I started chasing him. When I was chasing him he fell to the ground. When he fell I told him, "THIS IS THE WAY I LIKE TO GET THEM" and I stabbed him once . . . The reason I stabbed him is because I knew that if he would have had a chance to stab me, he would have stabbed me first.

There is no evidence in the record that Brian was carrying a weapon.

The mere fact an accused believes that the complainant might attack him in some manner without evidence of an overt act or words is insufficient to raise the right to an instruction on self-defense. *Hudson v. State,* 956 S.W.2d 103, 105 (Tex. App.—Tyler 1997, no pet.); *Halbert v. State,* 881 S.W.2d 121, 125 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Even if it could be said that reaching into one's pocket is an overt act which would cause one to believe he was going to be attacked, appellant has cited us to no

3

evidence in the record indicating that a reasonable person in his situation would not have or could not have retreated. Nor did we find any.[2] Given this, we cannot hold that the trial court erred in refusing to instruct the jury on self-defense.

## Instruction on Lesser-Included Offense

In his second issue, appellant contends the trial court should have instructed the jury on the lesser-included offense of assault. The State does not dispute that assault is a lesser-included offense of aggravated assault. Therefore, to be entitled to the instruction, evidence must appear of record which would permit a jury to rationally conclude that appellant is guilty only of the lesser crime. *Schweinle v. State*, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996). To satisfy this requirement, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Instead, there must be evidence directly germane to a lesser offense meaning that someone must present affirmative evidence illustrating that appellant only committed the lesser offense. *Id.* That evidence may come from any source so long as it is admissible. *See Lugo v. State*, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984). In determining whether particular evidence is sufficient to entitle appellant to the instruction sought, the evidence must be considered within the context presented. *Ramos v. State*, 865 S.W.2d 463, 465 (Tex. Crim. App. 1993) (holding that the evidence entitling the party to the lesser offense instruction must be "viewed in light of appellant's factual theory of the case").

---

[2]Indeed, the record clearly indicates that he had the opportunity to retreat. Appellant himself confessed that after Brian placed his hand in his pocket, appellant left the immediate scene of the fracas and entered his house (to obtain a weapon).

The distinction between assault and aggravated assault is that for the latter offense, a person must cause serious bodily injury to another or use or exhibit a deadly weapon during the commission of the assault. TEX. PEN. CODE ANN. §22.02(a) (Vernon 1994). Appellant suggests, in his brief, that the jury had before it evidence that Brian claimed a man with long hair (a man other than appellant) stabbed him. And, because it had that evidence before it, the latter was entitled to conclude that appellant merely hit Brian while someone else inflicted the serious bodily injury (stab wound) upon the victim. Yet, upon viewing the evidence alluded to in context, neither we, nor a rational jury, could read it as appellant proposes. Though comments were made about someone with long hair, Brian conceded under examination that he did not know who stabbed him. And, to the extent he admitted to not knowing who stabbed him, the testimony about a long-haired man is no evidence negating the State's accusation that appellant inflicted the knife wound and thereby caused Brian serious bodily injury.

### Batson Challenge

In his third issue, appellant argues that the trial court erred in failing to find that the State intentionally discriminated against prospective jurors because of race in violation of the holding in *Batson v. Kentucky,* 476 U.S. 79, 84, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This contention is premised on the State's failure to exercise all of its peremptory challenges thereby failing to reach some Hispanic members of the venire panel for seating on the jury.

Under *Batson,* a defendant must first establish a prima facie showing of racial discrimination in the State's exercise of its peremptory strikes after which the burden shifts

5

to the State to provide a race-neutral explanation. *Mathis v. State,* 67 S.W.3d 918, 924 (Tex. Crim. App. 2002). Then the burden shifts back to the defendant to show that the explanations are actually a pretext for discrimination. *Id.* We accord the trial court's ruling on the matter a deference similar to other decisions of an inherently factual nature and overturn it only if it is clearly erroneous. *Id.*

The record shows that two Hispanic persons were seated on the jury. Of the nine people struck by the State, two were Hispanic. One was struck because the State believed it had prosecuted his father for perjury, and the other was struck because he was one of several members of the panel younger than 30 who it was believed would be more lenient on punishment. The State did not use all of its peremptory challenges because it did not see anyone else it felt needed to be cut from the panel. Appellant does not actually contest the trial court's determination that the peremptory challenges were made for race-neutral reasons. Instead, he complains that the State should have exercised all of its peremptory challenges so that other Hispanic members of the venire panel might have been reached and seated on the jury.

However, it has been held that the State has no duty to use all of its strikes merely because there are minority members on the panel further down the list. *Mayes v. State,* 870 S.W.2d 695, 699 (Tex. App.—Beaumont 1994, no pet.); *Hamel v. State,* 803 S.W.2d 878, 879-80 (Tex. App.—Fort Worth 1991, pet. ref'd). To require the State to use all of its peremptory challenges in the event minority members are left remaining on the venire panel or to require it to explain why it felt no need to challenge each remaining member

6

of the venire panel is an extension of *Batson* we decline to make. *See Mayes,* 870 S.W.2d at 699.

**Admissibility of County Jail Records**

In his final issue, appellant complains that county jail records should not have been admitted into evidence during the punishment phase under the business records exception to the hearsay rule. Rule 803 of the Rules of Evidence permits records of a regularly conducted activity to be admitted as an exception to the hearsay rule if made at or near the time of the event, from information transmitted by a person with knowledge, which is kept in the course of a regularly conducted business activity, and for which it was the regular practice of the business to make the record unless "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." TEX. R. EVID. 803(6). Appellant argues that the police are agents of the State, and therefore the trustworthiness of their records used against a defendant is inherently suspect. These particular records contained instances of misconduct on the part of appellant while in jail.

Appellant originally objected to the evidence under the hearsay rule which the court sustained. The State was then permitted to prove the predicate for admissibility under the business records exception. Appellant objected again on the basis that the State did not carry its burden to prove up the business records exception. Jail records are generally admissible under the business records exception to the hearsay rule. *Jackson v. State,* 822 S.W.2d 18, 30-31 (Tex. Crim. App. 1990), *cert. denied,* 509 U.S. 921, 113 S.Ct. 3034, 125 L.Ed.2d 722 (1993) (holding records were admissible because they were

7

made by one with personal knowledge at or near the time of some concrete event in the regular course of business).

In this instance, appellant did not specifically object on the basis that the records were untrustworthy because the jailers were officers of the State, and the context of the exchange with the trial court does not reveal that the court understood that as the basis of appellant's objection. An objection must be made with sufficient specificity to apprize the trial court of the specific ground of the complaint, unless that ground is apparent from the context. TEX. R. APP. P. 33.1(a)(1); *Aguilar v. State,* 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000). Appellant's general objection at trial does not comport with the rule. Consequently, he failed to preserve the complaint for purposes of appeal.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.

8