5 P.2d 276

**STATE of Arizona, Appellee,**

v.

**Joseph PALEO, Appellant.**

**No. 1 CA–CR 99–0562.**

Court of Appeals of Arizona,
Division 1, Department B.

May 2, 2000.

As Amended Aug. 17, 2000.

Review Granted Sept. 26, 2000.

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Joseph T. Maziarz, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for Appellant.

**OPINION**

GERBER, Judge.

¶ 1 Appellant Joseph Paleo ("Paleo") appeals from his conviction and sentencing for aggravated D.U.I. He argues that the judge erred by holding *Batson* inapplicable when the prosecution elects to refrain from using all its peremptory challenges.

¶ 2 The United States Supreme Court has held that using peremptory challenges to exclude jurors on the basis of their race or gender is unconstitutional. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Such purposeful discrimination violates both the defendant's and the potential juror's right to equal protection. Racist jury selection creates doubt about the fairness of the justice system. *Id.* at 87, 106 S.Ct. 1712. The Supreme Court has accordingly limited the use of peremptory strikes. If the opponent of a peremptory strike makes a *prima facie* showing of racial discrimination, the burden shifts to the other party to provide a race- and gender-neutral reason for the strike. *Id. at* 96, 106 S.Ct. 1712. The trial court must then determine whether the opponent of the strike has established purposeful discrimination.

¶ 3 Here, the prosecutor elected to use only four of his six peremptory challenges. *See* Rule 18.4(c), Arizona Rules of Criminal Procedure. This election automatically eliminated venireperson M.E., the only remaining Hispanic. *See* Rule 18.5(g) (if the parties do not use the full number of their challenges, "the clerk shall strike the jurors on the bottom of the list"). The prosecutor had earlier used one peremptory challenge to eliminate venireperson M.R., the only other Hispanic on the panel. When Paleo's counsel objected to both exclusions, the trial judge required the prosecutor to provide a race-neutral reason for excluding M.R. When the state did so, the court concluded that the reason was indeed race-neutral. Paleo does not challenge this ruling.

¶ 4 However, as to M.E., the trial judge stated on the record as follows:

[The] State didn't actually enter a strike against M.E., even though the waiver of the last two strikes by the State would

practically eliminate whatever last two people were left on the call of the roster, and M.E. happened to be one of those people. State's not required to exercise all its strikes, and so I don't believe that *Batson* applies to it. In any event, so I will deny the motion for that reason.

¶ 5 Paleo cites *State v. Scholl,* 154 Ariz. 426, 743 P.2d 406 (1987), to support his argument that the trial court erred in so ruling. There the jury venire consisted of twenty-four persons with its only African–American member as number twenty-three on the list. Defense counsel used all six of his allotted peremptory challenges. The prosecutor struck only four from the venire, leaving fourteen venirepersons. The clerk was then required to strike the last two persons on the venire list. The defendant claimed that the sole African–American on the venire was excluded because the prosecutor failed to use all available peremptory challenges.

¶ 6 The trial court accepted the prosecutor's explanation that he customarily did not use all his challenges unless he had reasons to do so and that he had no reason to strike the African–American venireperson. Nevertheless, the court ordered the prosecutor to use another challenge so the venireperson in question could sit on the jury. When the prosecutor declined, the court granted a mistrial to allow appellate review.

██ ¶ 7 The state argued on appeal, as it does here, that *Batson* applies only to the affirmative exercise of peremptory challenges. The *Scholl* court disagreed:

We do not believe that *Batson* should be read so narrowly. The critical inquiry is whether the State is engaged in purposeful discrimination in the selection of the petit jury. As the Supreme Court noted, peremptory challenges provide a means to discriminate to those who are so inclined. *There is no reason to differentiate between use and nonuse of peremptory challenges in determining whether the State is engaging in purposeful discrimination in its selection of jurors.*

*Scholl,* 154 Ariz. at 429, 743 P.2d at 409 (emphasis added).

¶ 8 The *Scholl* court thus agreed with the trial court that the prosecutor could discriminate by not using all available peremptory challenges and that a *prima facie* case of discrimination had been shown. It concluded, however, that the trial court erred in construing *Batson* to require that an African–American be placed on the jury even though the trial court found the prosecutor's race-neutral explanation credible. *Id.* at 430, 743 P.2d at 410.

¶ 9 The state urges us to disregard *Scholl,* arguing its inconsistency with *Batson* and its progeny and that no other jurisdiction follows it. As to the latter argument, the state may be correct. Texas, the only other jurisdiction to have addressed this issue, held that *Batson* does not require that the state furnish an explanation for its nonuse of peremptory challenges. *See Mayes v. State,* 870 S.W.2d 695, 699 (Tex.App.1994); *Russell v. State,* 804 S.W.2d 287, 291 (Tex.App.1991). Texas idiosyncrasies notwithstanding, we disagree that *Scholl* clashes with *Batson.* The Supreme Court has extended *Batson* to civil cases, *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), cases where the stricken juror is not the same race as the defendant, *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), and cases where the defendant used peremptory challenges in a discriminatory way, *Georgia v. McCollum,* 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). It has also applied *Batson* to other groups. *See J.E.B. v. Alabama,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89, (1994) (*Batson* applied to women); *Hernandez v. New York,* 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (*Batson* applied to Hispanics).

██ ¶ 10 The Supreme Court has expanded *Batson* to counter the danger of purposeful racial discrimination in jury selection. Like *Batson* and its progeny, *Scholl* focuses on the discriminatory results of peremptory challenges. If purposeful discrimination results from the *nonuse* of peremptory challenges, the danger to the defendant and the potential juror is as great as in the *use* of such challenges. "[T]he Constitution prohibits its *all forms* of purposeful racial discrimina-

tion in selection of jurors." *Batson*, 476 U.S. at 88, 106 S.Ct. 1712 (emphasis added). Simply because the state did not exercise its strikes does not eliminate the possibility of using the selection process to purposefully exclude Hispanics.[1]

¶ 11 Here, the state's failure to exercise its strikes may well show purposeful discrimination. *See Scholl*, 154 Ariz. at 429, 743 P.2d at 409. The prosecutor merely let the clerk exercise the prosecutor's strike. When asked to explain his exclusion of M.E., the prosecutor responded, "I was done striking my individuals. I had two left over, and she [M.E.] happened to fall in that order, just as she had been called. So I just choose [sic] not to use my other strikes." This response does not address the requirement of an affirmative race-neutral reason. The prosecutor may not rebut Paleo's argument merely by denying a discriminatory motive. *See Batson*, 476 U.S. at 98, 106 S.Ct. 1712. If the prosecutor could do so, the Equal Protection clause "would be but a vain and illusory requirement." *Id.* (citation omitted). The prosecutor's conduct here could well lead to the conclusion that the prosecutor contrived to force the clerk to exclude M.E. because of her race as the prosecutor hid behind the challenge waiver.

¶ 12 The trial court concluded that "in any event," it would deny the *Batson* motion. The state claims that the trial court's terminology implies an alternative ruling to the one stated, namely that the trial court also found the prosecutor's explanation race-neutral. We cannot make such an inference given the prosecutor's inadequate explanation and the trial judge's ambiguous wording. The trial court did not determine if Paleo had carried his burden in establishing purposeful discrimination. For us to hold otherwise would allow counsel to shirk *Batson* requirements by transferring them to the court clerk and then hiding behind the clerk's silence.

¶ 13 Given that the prosecutor did not initially provide a race-neutral reason, we set aside Paleo's conviction and order a new trial.

CONCURRING: NOEL FIDEL, Presiding Judge, and WILLIAM F. GARBARINO, Judge.

---

1. We also do not agree with the state's argument that our ruling interjects discrimination into the process. The state asks "What if a party strikes one member of a cognizable group ... to avoid being accused of not utilizing all of the party's peremptory challenges to exclude a member of another cognizable group? Would such a strike be race or gender neutral?" The short answer is no; whether a party exercises a strike or not, it must provide a race-neutral reason.